**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**NADIA MARY METORKA,**

**Plaintiff,**

**v.** **Case No.: 5:26-cv-00800-CEM-PRL**

**GOOGLE, LLC,**

**Defendant,**
____________________________________/

# ORDER

This matter comes before the Court on pro se Plaintiff's motion for leave to file electronically via the Court's CM/ECF system. (Doc. 8). Plaintiff requests permission to access and file documents electronically through the Court's CM/ECF system. Plaintiff contends that the request to file documents electronically through CM/ECF is justified because it would be more efficient. Meanwhile, the docket reflects that Plaintiff has successfully filed multiple pleadings in this case.

Regarding CM/ECF eligibility, "[a]bsent a court order, a pro se litigant is *not* permitted to file documents in CM/ECF." *See* Admin. Proc. for Elec. Filing § B (Nov. 18, 2025) for the United States District Court, Middle District of Florida (emphasis added); *see also* M.D. Fla. Local Rule 1.01(c) ("By administrative order, the court can prescribe procedures governing electronic filing."); Fed. R. Civ. P. 5(d)(3)(B)(i) ("A person not represented by an attorney . . . may file electronically only if allowed by court order or by local rule."). "Pro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." *Huminski v. Vermont*, No. 2:13-cv-692-FTM-29, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014); *see*

*McMahon v. Cleveland Clinic Found. Police Dep't*, 455 F. App'x 874, 878 (11th Cir. 2011) (per curiam) (affirming denial of CM/ECF access for *pro se* litigant because there was "no good cause under the circumstances of the case to authorize his access"); *Gerow v. Blackwell*, No. 8:24-cv-02280-KKM-NHA, 2024 WL 4679030, at *1 (M.D. Fla. Nov. 5, 2024) ("The Eleventh Circuit has routinely upheld this district's practice of denying CM/ECF access to pro se litigants absent a showing of good cause.") (citations omitted); *see also Nathansen v. City of Punta Gorda*, No. 2:25-cv-300-KCD-NPM, 2025 WL 2770876, at *1 (M.D. Fla. Sept. 26, 2025) (recognizing that access to electronic filing via CM/ECF is generally restricted because "the CM/ECF system contains confidential and other sensitive information") (citing Admin. Proc. for Elec. Filing). In this instance, Plaintiff has not shown sufficiently compelling circumstances as to why Plaintiff should be permitted to access and file documents in CM/ECF. Therefore, Plaintiff's motion is due to be denied.

However, beginning June 8, 2026, a pro se litigant who is not incarcerated may submit a form online to receive electronic notification of future filings in his case. The Clerk is directed to send Plaintiff a copy of the "Notice to Pro Se Litigant Regarding Consent to Receive Notices of Electronic Filings (NEF)," which details this new program.

Accordingly, upon due consideration, Plaintiff's motion to file electronically (Doc. 8) is **DENIED**.

**DONE** and **ORDERED** in Ocala, Florida on November 17, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties